[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11115
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cr-80174-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OVIDIO SANTOS-FLORES,
a.k.a. Mauricio Ortega,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2012)


Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ovidio Santos-Flores pled guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Santos-Flores to 46 months' imprisonment. On appeal, Santos-Flores argues that his sentence was substantively unreasonable because the district court emphasized his criminal history to the detriment of all of the other 18 U.S.C. § 3553(a) factors. In particular, Santos-Flores asserts that the district court did not give due consideration to his compelling personal history and status as a single parent.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc), *cert. denied*, 131 S.Ct. 1813 (2011). The party who challenges the sentence bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S.Ct. 674 (2010).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide

just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a), (a)(2).  In imposing a particular sentence, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.*  § 3553(a)(1), (3)-(7).

Although the district court must consider all of the factors listed in § 3553 and give an explanation for the sentence imposed, the district court need not discuss each factor explicitly.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Rather, the court need only acknowledge that it has considered the § 3553(a) factors and the defendant's arguments.  *Id.*  We defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court made a clear error of judgment and imposed a sentence outside the range of reasonable sentences dictated by the facts of the case.  *Id.*

Here, Santos-Flores asserts that the district court focused single-mindedly on his criminal history.  The record belies this claim.  The district court considered Santos-Flores's arguments regarding his personal history and status as a single parent, but found that a sentence at the low end of the guideline range was

3

appropriate given Santos-Flores's criminal history and given the need for general deterrence.  Santos-Flores has not met his burden.  Accordingly, we affirm the sentence as substantively reasonable.

**AFFIRMED.**